Hyman, C. J.
Plaintiff being owner of a debt contracted by William C. Wilson, now deceased, during his marriage with defendant, brought this suit, and proved judgment against her for the debt, because, as he alleges, she intermeddled with the property that was acquired by the community of acquets and gains, which existed between her and W. C. Wilson during thoir marriage, since its dissolution by his death, selling and disposing of the property for her own use, and because the debt owing to him was a community debt, defendant after the suit was instituted renounced the community in proper form, and in her answer she denied that she had intermeddled with the property acquired during the community, or that she had disposed of any of its effects, and averred that she had renounced the community.
If defendant has concealed or made way with any of the property acquired by the community since the dissolution of the marriage, her renunciation will not avail her, and she is liable for a half of the debt owned by plaintiff. See C. C. 2378, 2387.
The only evidence introduced by plaintiff to show that the defendant had intermeddled with the effects acquired by the community since the dissolution of the marriage, is her declaration that she used some Con. federate money since the death of her husband to support herself and family.
Confederate money was the written obligations of rebels, issued by them to enable them to carry on a war against their government.
These obligations were not property, and this Court cannot regard them as effects of the community, as no right or title could be acquired in them which law would recognize.
It is contended by plaintiff, that as defendant did not cause an inventory *40 to be made of the property of the community after the dissolution of the marriage within a certain time, she lost the right of renouncing. We do not so read the law; she could renounce the community at any time before a court of unlimited jurisdiction had passed judgment against her as a partner in community. O. O. 2383, 238C.
There was judgment in the lower Court m favor of defendant, rejecting plaintiff’s demand.
Let the judgment be affirmed, and let the plaintiff, who is appellant, pay the costs of appeal.
Rehearing refused.